IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

Case Number: 4:23-cv-00574

GS HOLISTIC, LLC,

                Plaintiff,

v.

ROLL & SMOKE SHOP, LLC d/b/a ROLL
& SMOKE SHOP and JESSICA ROMO,

                Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

The Plaintiff, GS HOLISTIC, LLC (hereinafter referred to as "GS"), by and through its undersigned counsel, hereby files this, its Complaint against the Defendants, ROLL & SMOKE SHOP, LLC d/b/a ROLL & SMOKE SHOP and JESSICA ROMO, and alleges, as follows:

### Jurisdictional Allegations

1.    This is a civil action against the Defendants for trademark infringement, counterfeiting, and false designation of origin and unfair competition, under the Lanham Act (15 U.S.C. § 1051 *et. seq.*).

2.    This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement, counterfeiting, and false designation of origin and unfair competition pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

## Venue

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendants reside in this district and the cause of action occurred in this district.

## Parties

4.      GS HOLISTIC, LLC is a Delaware Limited Liability Corporation that has its principal place of business at 7162 Beverly Boulevard, #207, Los Angeles, California 90036.  GS is the registered owner of the "G PEN" trademarks.

5.      ROLL & SMOKE SHOP, LLC d/b/a ROLL & SMOKE SHOP (hereinafter referred to as "ROLL & SMOKE SHOP") is a limited liability company that was formed in Texas, and has its principal place of business at 806 S Allen Heights Dr Suite: 100, Allen, TX 75002.  ROLL & SMOKE SHOP is a citizen of Texas.

6.      JESSICA ROMO is a resident of Mckinney, Texas, and is *sui juris*. JESSICA ROMO is a citizen of Texas.

## Facts Common to All Counts

**The History of The G Pen Brand.**

7.      Since 2012, GS has marketed and sold products using the trademark "G Pen."  The G Pen branded products, such as portable vaporizers and accessories related thereto, are widely recognized nationally and internationally.  Indeed, the G Pen brand is one of the leading companies in the industry, known for the high quality of the products at an achievable price point for all.

8.      GS is also known for its Charity Series whereby the company teams up with nonprofit organizations to donate net proceeds from each purchase to the organization.

9.      For nearly ten years, GS has worked to distinguish the G Pen brand as the premier manufacturer of vaporizers by emphasizing the brand's unwavering use of quality materials and

focusing on scientific principles which facilitate a superior smoking experience.  G Pen branded products embody a painstaking attention to detail, which is evident in many facets of authentic G Pen branded products.  It is precisely because of the unyielding quest for quality and unsurpassed innovation that G Pen branded products have a significant following and appreciation amongst consumers in the United States and internationally.

10.     As a result of the continuous and extensive use of the trademark "G PEN," Grenco Science was granted valid and subsisting federal statutory and common law rights to the G Pen trademark. Grenco Science then assigned to GS all the rights associated with the G PEN trademark and other marks associated with the different products sold by GS.  The assignment to GS was duly recorded with the United States Patent and Trademark Office on May 24, 2016.

11.     GS is the owner of United States trademarks which are registered on the Principal Register and have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.  The following is a list of GS's federally registered trademarks:

a.      U.S. Trademark Registration Number 4,390,645 for the standard character mark "G Pen" in association with goods further identified in registration in international class 010.

b.      U.S. Trademark Registration Number 5,368,594 for the word mark "G Pen" and its logo in association with goods further identified in the registration in international class 010.

c.      U.S. Trademark Registration Number 4,462,090 for the standard character mark "MicroG" in association with goods further identified in the registration in international class 010.

d.      U.S. Trademark Registration Number 4,470,963 for the standard character mark "Grenco Science" in association with goods further identified in the registration in international class 010.

e.      U.S. Trademark Registration Number 4,616,071 for the standard character mark "Grenco" in association with goods further identified in the registration in

international class 010.

      f.     U.S. Trademark Registration Number 4,466,586 for the word mark "G" and its logo in association with goods further identified in the registration in international class 010.

      g.     U.S. Trademark Registration Number 5,264,986 for the standard character mark "G Pen Elite" in association with goods further identified in the registration in international class 034.

      h.     U.S. Trademark Registration Number 5,264,988 for the design plus words mark "G Pen Elite" and its logo in association with goods further identified in the registration in international class 034.

      i.     U.S. Trademark Registration Number 5,368,591 for the standard character mark "G Slim" in association with goods further identified in the registration in international class 010.

      j.     U.S. Trademark Registration Number 5,368,593 for the word mark "G Slim" and its logo in association with goods further identified in the registration in international class 010.

      k.     U.S. Trademark Registration Number 5,363,580 for the word mark "GIO" and its logo in association with goods further identified in the registration in international class 010.

      l.     U.S. Trademark Registration Number 5,363,581 for the standard character mark "GIO" in association with goods further identified in the registration in international class 010.

      m.     U.S. Trademark Registration Number 5,405,360 for the word mark "G Grenco Science" and its logo in association with goods further identified in the registration in international class 010.

      n.     U.S. Trademark Registration Number 5,405,361 for the word mark "G Grenco Science" and its logo in association with goods further identified in the registration in international class 010.

      o.     U.S. Trademark Registration Number 5,906,587 for the standard character mark "G Pen Nova" in association with goods further identified in the registration in international class 010.

p.      U.S. Trademark Registration Number 5,906,588 for the design plus words mark "G Pen Nova" and its logo in association with goods further identified in the registration in international class 010.

q.      U.S. Trademark Registration Number 6,032,396 for the standard character mark "Roam" in association with goods further identified in the registration in international class 010.

r.      U.S. Trademark Registration Number 6,032,397 for the design plus words mark "Roam" and its logo in association with goods further identified in the registration in international class 010.

s.      U.S. Trademark Registration Number 6,202,143 for the standard character mark "G Pen Dash" in association with goods further identified in the registration in international class 010.

t.      U.S. Trademark Registration Number 6,202,144 for the design plus words mark "Dash" and its logo in association with goods further identified in the registration in international class 010.

u.      U.S. Trademark Registration Number 6,904,354 for the design plus words mark "M MICRO+" and its logo in association with goods further identified in the registration in international class 034.

12.      The above U.S. registrations are valid, subsisting and in full force and effect.

**The G Pen Brand in the United States.**

13.      Pursuant to the trademark assignment between Grenco Science, Inc. and GS Holistic, LLC (hereinafter the "License Agreement"), GS has used the G Pen Marks in commerce throughout the United States continuously since 2016, in connection with the manufacturing of vaporizing products.

14.      The G Pen Marks are distinctive to both the consuming public and the Plaintiff's trade.  GS's G Pen branded products are made from superior materials.  The superiority of G Pen

branded products is not only readily apparent to consumers, but to industry professionals as well.

15.     Plaintiff's Trademarks are exclusive to Plaintiff and appear clearly on Plaintiff's Products, as well as on the packaging and advertisements related to such products. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting Plaintiff's Trademarks. As a result, products bearing Plaintiff's Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. Plaintiff's Products have become some of the most popular of their kind in the world and have also been the subject of extensive unsolicited publicity resulting from their high-quality and innovative designs. Because of these and other factors, the GS brand and Plaintiff's Trademarks are famous throughout the United States.

16.     Since 2016, GS has worked to build significant goodwill in the G Pen brand in the United States. GS has spent substantial time, money, and effort in developing consumer recognition and awareness of the G Pen brand via point of purchase materials and displays, through their websites, by attending industry trade shows, and through social media promotion.

17.     In fact, Plaintiff's Products have been praised and recognized by numerous online publications, as well as publications directed to the general public, including articles in *NewsWeek, Complex, TechCrunch, NY Times, USA Today, LA Weekly, Fortune Magazine,* and *SFGate*.

18.     Due to the high quality of the brand and products, GS has collaborated with numerous celebrities and companies to create collaborations.

19.     GS sells its products under the G Pen Marks to authorized stores in the United States, including in Texas.  GS has approximately 6,000 authorized stores nationwide.  As such, G Pen branded products reach a vast array of consumers throughout the country.

20.     It is because of the recognized quality and innovation associated with the G Pen Marks that consumers are willing to pay higher prices for genuine G Pen branded products.  For example, a G Pen brand vaporizer ranges in price from $70 to $250, while a non-G Pen branded product of equivalent size and technology will usually sell from $11 to $20.  As such, sales of products bearing the G Pen Marks in the United States have been approximately twenty million dollars ($20,000,000) for the last five years.

21.     It is exactly because of their higher sales value that G Pen branded products are targeted by counterfeiters.  These unscrupulous people and entities tarnish the G Pen brand by unlawfully selling vaporizers that have identical, or nearly identical, versions of the G Pen Marks affixed to products that are made with inferior materials and technology, thereby leading to significant illegitimate profits by store owners, such as JESSICA ROMO.

22.     In essence, JESSICA ROMO misleads consumers by selling them low grade products that free ride on the goodwill of the G Pen brand, and in turn, JESSICA ROMO reaps substantial ill-gotten profits.  JESSICA ROMO's conduct contributes to the complete flooding of the marketplace with counterfeit products, which results in lost sales and damages to GS and irreparable harm to the G Pen brand's image.

23.     Unfortunately, the current U.S. marketplace is saturated with counterfeit products – like those JESSICA ROMO through his store, ROLL & SMOKE SHOP,  has sold.  As such, GS has been forced to scrupulously enforce its rights in order to protect the G Pen Marks against infringement.  By exercising its Enforcement Rights, GS has proactively and successfully policed the unauthorized use of the G Pen Marks and/or counterfeit G Pen branded products nationwide.  GS has had to bear great expense to seek out and investigate suspected counterfeiters in their attempt to clean up the marketplace.

**Defendants' Offering for Sale Counterfeit Goods**

24.     The Defendants have, and they continue to, offer for sale counterfeit G Pen products with the G Pen trademark and without the consent of GS. In fact, they offer counterfeit glass infusers bearing imitations of the G Pen Trademarks that were not made or authorized by GS. These are hereinafter the "Counterfeit Goods".

25.     Nevertheless, the Defendants have and continue to offer for sale in commerce the Counterfeit Goods, specifically, the Defendants offer for sale reproductions, counterfeits, copies and/or colorable imitations of one or more of the G Pen Marks (hereinafter the "Infringing Marks"), detailed below:

a.  U.S. Trademark Registration Number 5,368,594 for the word mark "G Pen" and its logo in association with goods further identified in the registration in international class 010.

b.  U.S. Trademark Registration Number 4,466,586 for the word mark "G" and its logo in association with goods further identified in the registration in international class 010.

c.  U.S. Trademark Registration Number 5,405,360 for the word mark "G Grenco Science" and its logo in association with goods further identified in the registration in international class 010.

d.  U.S. Trademark Registration Number 4,390,645 for the standard character mark "G Pen" in association with goods further identified in registration in international class 010.

e.  U.S. Trademark Registration Number 4,470,963 for the standard character mark "Grenco Science" in association with goods further identified in the registration in

international class 010.

26.     The Defendants have, without the consent of GS, continued to offer for sale in their store, the Counterfeit Goods bearing the Infringing Marks, bearing the likeness of the G Pen Trademarks in the United States.

27.     The marks affixed to the Counterfeit Goods that the Defendants have offered for sale are spurious marks which are identical with, or substantially indistinguishable from, the G Pen Trademarks. The marks on the Counterfeit Goods are in fact counterfeit marks as defined in 15 U.S.C. § 1116(d).

28.     In the ongoing investigation into the sales of counterfeit products bearing the G Pen Marks, ROLL & SMOKE SHOP offered for sale Counterfeit Goods.

29.     Specifically, on April 4, 2023, GS's investigator attended ROLL & SMOKE SHOP's location, which was open to the public, and observed that it had a vaporizer which displayed the G Pen Trademarks. The investigator purchased a Snoop Dogg G Pen vaporizer with a G Pen Mark affixed to it, from ROLL & SMOKE SHOP, for a cost of $35.71, charged to the account of GS's investigator, and it was a Counterfeit product in that it displayed the Infringing Marks.

30.     JESSICA ROMO authorized, directed, and/or participated in ROLL & SMOKE SHOP's offer for sale, in commerce, of the Counterfeit Goods. JESSICA ROMO's acts were a moving, active, and/or conscious force behind ROLL & SMOKE SHOP's infringement of the G Pen Trademarks.

31.     The Defendants' use of the counterfeit G Pen Trademarks began long after the registration of the G Pen Trademarks.  GS nor any of its authorized agents have consented to the Defendants' use of the G Pen Trademarks, or any use of reproductions, counterfeits, copies and/or

colorable imitations thereof.

32.     The unauthorized offering for sale by ROLL & SMOKE SHOP, under the authority, direction and/or participation of JESSICA ROMO, of the Counterfeit Good(s) was an unlawful act in violation of the Lanham Act.

33.     The offer for sale by the Defendants of the Counterfeit Good(s) bearing GS's Trademarks has caused GS to suffer losses and has caused damage to the goodwill and reputation associated with the G Pen Trademarks, which are owned by GS.

34.     ROLL & SMOKE SHOP's use of the G Pen Marks includes displaying to offer for sale unauthorized copies of Counterfeit G Pen branded products.  ROLL & SMOKE SHOP's offering to sell the G Pen counterfeit products, bearing the Infringing Marks in this manner, was, and is, likely to cause confusion or to cause mistake and/or deceive consumers who purchase the Counterfeit Goods

35.     ROLL & SMOKE SHOP used images and names identical to or confusingly similar to the G Pen Marks, to confuse customers and aid in the promotion and sales of Counterfeit Goods under the Infringing Mark.

36.     The Infringing Mark affixed to the Counterfeit Goods that ROLL & SMOKE SHOP has manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and/or sold, is confusingly identical or similar to the G Pen Marks that GS affixes to its vaporizers.

37.     The vaporizers ROLL & SMOKE SHOP sells and offers for sale under the Infringing Mark are made of substantially inferior materials and inferior technology as compared to genuine G Pen brand products.

38.     ROLL & SMOKE SHOP has distributed, provided, marketed, advertised, promoted, offered for sale, and sold its vaporizers under the Infringing Mark through its retail

convenience store.

39.     ROLL & SMOKE SHOP has marketed, advertised, and promoted its Counterfeit Goods under the Infringing Mark through point of purchase displays, and/or its website, and/or via social media promotion.

40.     ROLL & SMOKE SHOP and JESSICA ROMO's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods sold by ROLL & SMOKE SHOP, and are likely to deceive, and have deceived, the relevant consuming public into mistakenly believing that the Counterfeit Goods sold by ROLL & SMOKE SHOP originate from, are associated or affiliated with, or otherwise authorized by GS.

41.     ROLL & SMOKE SHOP and JESSICA ROMO's acts are willful with the deliberate intent to trade on the goodwill of the G Pen Marks, cause confusion and deception in the marketplace, and divert potential sales of GS's vaporizers to ROLL & SMOKE SHOP.

42.     ROLL & SMOKE SHOP and JESSICA ROMO's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to GS, the G Pen Marks, and to its valuable reputation and goodwill with the consuming public for which GS has no adequate remedy at law.

43.     As a proximate result of the unfair advantage accruing to JESSICA ROMO and ROLL & SMOKE SHOP's business from deceptively trading on GS's advertising, sales, and consumer recognition, JESSICA ROMO and ROLL & SMOKE SHOP have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

44.     The injuries and damages sustained by GS has been directly and proximately caused by ROLL & SMOKE SHOP's wrongful advertisement, promotion, distribution, sale and

offers for sale of their goods bearing infringements or counterfeits of the G Pen Marks.

45.     Through such business activities, JESSICA ROMO and ROLL & SMOKE SHOP purposefully derived direct benefits from their interstate commerce activities by targeting foreseeable purchasers in the State of Texas, and in doing so, have knowingly harmed GS.

46.     Furthermore, the sale and distribution of Counterfeit Goods by ROLL & SMOKE SHOP has infringed upon the above-identified federally registered trademarks.

47.     The spurious marks or designations used by ROLL & SMOKE SHOP in interstate commerce are identical with, or substantially indistinguishable from, the G Pen Marks on goods covered by the G Pen Marks. Such use therefore creates a false affiliation between ROLL & SMOKE SHOP, GS, and the G Pen Marks.

48.     Due to the actions of ROLL & SMOKE SHOP, GS has been forced to retain the undersigned counsel and pay the costs of bringing an action forward.  JESSICA ROMO and ROLL & SMOKE SHOP should be responsible for paying GS's reasonable costs of the action.

49.     JESSICA ROMO and ROLL & SMOKE SHOP's acts have damaged, and will continue to damage GS, and GS has no adequate remedy at law.

50.     Moreover, ROLL & SMOKE SHOP's and JESSICA ROMO's wrongful acts will continue unless enjoined by the Court.  Accordingly, JESSICA ROMO and ROLL & SMOKE SHOP must be restrained and enjoined from any further counterfeiting or infringement of the G Pen Marks.

## Count One
## Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114

51.     The Plaintiff avers Paragraphs 1 through 50, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

52.     GS owns the federally registered G Pen Trademarks, as set forth in more detail in the foregoing paragraphs.

53.     The Defendants, without authorization from GS, have used in commerce spurious designations that are identical with, or substantially indistinguishable from, the G Pen Trademarks on the same goods covered by the G Pen Trademarks.

54.     The Defendants' unauthorized use of counterfeit marks of the registered G Pen Trademarks on and in connection with the Defendants' offer(s) for sale in commerce is likely to cause confusion or mistake in the minds of the public.

55.     The Defendants' conduct as alleged herein is willful and intended to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants, with GS or the G Pen Trademarks.

56.     The Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

57.     The Defendants' actions constitute the use by the Defendants of one or more "counterfeit mark(s)" as defined in 15 U.S.C. § 1116(d)(1)(B).

58.     The Defendants' use in commerce of the counterfeit G Pen Trademarks has resulted in lost profits and business to GS which are difficult to determine, caused considerable damage to the goodwill of the G Pen Trademarks, and diminished the brand recognition of the G Pen Trademarks by introducing counterfeit products into the marketplace.

59.     By reason of the foregoing, the Plaintiff is entitled to, among other relief, injunctive relief, an award of statutory damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

WHEREFORE, the Plaintiff, GS HOLISTIC, LLC, respectfully requests that this Court

find in favor of the Plaintiff and against the Defendant jointly and severally for OWNER, and other officers, and directors, for the knowing participation in the counterfeiting activities of TAXPAYER NAME, awarding the Plaintiff statutory damages pursuant to 15 U.S.C. § 1117, treble damages pursuant to 15 U.S.C. § 1117(b), the costs of suit, and any further relief that this Court may deem just and proper.

**Count Two**
**Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)**

60.     The Plaintiff avers Paragraphs 1 through 50, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

61.     GS owns the federally registered G Pen Trademarks, as set forth in more detail in the foregoing paragraphs.

62.     The Defendants, without authorization from GS, have used in commerce spurious designations that are identical with, or substantially indistinguishable from, the G Pen Trademarks on the same goods covered by the G Pen Trademarks.

63.     The Defendants' unauthorized use of counterfeit marks of the registered G Pen Trademarks on and in connection with the Defendants' offers for sale in commerce is likely to cause confusion or mistake in the minds of the public.

64.     The Defendants' unauthorized use in commerce of the G Pen Trademarks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.     The Defendants' conduct as alleged herein is willful and is intended to, and is likely to, cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants, with GS or the G Pen Trademarks.

66.     The Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to GS, and to the goodwill and reputation of the G Pen Trademarks and will continue to both damage GS and confuse the public unless enjoined by this Court. GS has no adequate remedy at law.

67.     By reason of the foregoing, the Plaintiff is entitled to, among other relief, injunctive relief, an award of statutory damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

WHEREFORE, the Plaintiff, GS HOLISTIC, LLC, respectfully requests that this Court find in favor of the Plaintiff and against the Defendant jointly and severally for OWNER, and other officers, and directors, for the knowing participation in the counterfeiting activities of TAXPAYER NAME, awarding the Plaintiff statutory damages pursuant to 15 U.S.C. § 1117, treble damages pursuant to 15 U.S.C. § 1117(b), the costs of suit, and any further relief that this Court may deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, GS HOLISTIC, LLC, respectfully requests the following relief against the Defendants, as follows:

1.     With regard to Plaintiff's Count I for trademark infringement:

   a.   Actual damages or statutory damages under 15 U.S.C. § 1117;

   b.   Treble damages under 15 U.S.C. § 1117(b);

   c.   Costs of suit; and

   d.   Joint and several liability for JESSICA ROMO, and other officers, and directors, for the knowing participation in the counterfeiting activities of ROLL & SMOKE SHOP, LLC.

2.    With regard to Plaintiff's Count II for false designation and unfair competition:

    a.   Actual damages or statutory damages under 15 U.S.C. § 1117;

    b.   Treble damages under 15 U.S.C. § 1117(b);

    c.   Costs of suit; and

    d.   Joint and several liability for JESSICA ROMO, and other officers, and directors, for the knowing participation in the counterfeiting activities of ROLL & SMOKE SHOP, LLC.

3.    Preliminarily and permanently enjoining ROLL & SMOKE SHOP, LLC and its agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it from:

    a.   The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit G Pen product identified in the Complaint and any other unauthorized G Pen product, counterfeit, copy or colorful imitation thereof;

4.    Pursuant to 15 U.S.C. § 1116(a), directing ROLL & SMOKE SHOP, LLC to file with the Court and serve on the Plaintiff's within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which ROLL & SMOKE SHOP, LLC has complied with the injunction;

5.    For an order from the Court requiring that the Defendants provide complete accountings and for equitable relief, including that the Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including

the amount of monies that should have been paid if the Defendants had complied with their legal obligations, or as equity requires;

6.      For an order from the Court that an asset freeze or constructive trust be imposed on all monies and profits in the ROLL & SMOKE SHOP, LLC's possession, which rightfully belong to the Plaintiff;

7.      Pursuant to 15 U.S.C. § 1118 requiring that the Defendants and all others acting under the Defendants' authority, at its cost, be required to deliver up to the Plaintiff for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the G Pen Trademarks;

8.      For such other and further relief as the Court may deem just and equitable.


Date: June 20, 2023

                                        Respectfully submitted,

                                        */s/ Sanjay K. Minocha*
                                        Sanjay K. Minocha
                                        Texas Bar # 24065763
                                        Minocha Law Firm PLLC
                                        3300 Oak Lawn Avenue
                                        Suite 700
                                        Dallas, Texas 75219
                                        Serv604@LegalBrains.com
                                        Telephone: 561-232-2222
                                        *Attorney for the Plaintiff*